UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NAOMI J. FULTON                                     PLAINTIFF

v.                                             Civil No. 1:17-cv-00070-GHD-DAS

MISSISSIPPI STATE UNIVERSITY, *et al.*                    DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Naomi Fulton works for Defendant Mississippi State University's Extension Service. In this case, she sues Mississippi State, alleging her superiors transferred her to another office location in retaliation after she and another employee complained of racial discrimination. Mississippi State has filed a motion for summary judgment [43]. Because Fulton does not point to evidence that would show she engaged in a protected activity or that she suffered an adverse employment action, that motion is granted.

### Background

Fulton, an African American female, began working in the Monroe County office of Mississippi State's Extension Service in October 2008 as an Extension Program Assistant. In that role, she assisted local schools in providing nutrition education and programming. Paula Threadgill Affidavit [43-1], ¶ 4. In 2014, Mississippi State hired Elois Smith, also an African American female, as an Extension Program Agent. *Id.*, ¶ 7. Like Fulton, some of Smith's job duties included nutrition education programming. *Id.*

In the fall of 2015, Mississippi State transferred Fulton to the Extension office in the adjacent Chickasaw County office. *Id.*, ¶¶ 8–9. According to Mississippi State, this transfer occurred for three reasons. First, the Chickasaw County office was without any employee who provided nutrition programming to schools in that county, while the Monroe County office had both Fulton and Smith. Second, because Fulton lived in Chickasaw County,

1

Mississippi State believed the transfer would be good for Fulton. Third, Fulton had previously discussed transferring to Chickasaw County with another employee. *Id.*, ¶ 9

At the time of Fulton's transfer, Dr. Scott Cagle was the County Director of the Chickasaw County Extension office. Scott Cagle Affidavit [43-3], ¶ 2 After learning that Fulton would be transferring to the office, Cagle set about trying to lease additional office space from the United States Department of Agriculture, which owned the building the office was located in. *Id.*, ¶ 6. Upon Fulton's arrival, Cagle informed Fulton that while he was in the process of leasing additional space for Fulton's office, he had not yet been able to obtain it. *Id*, ¶ 8 Therefore, she would temporarily be assigned to a desk which she shared with a secretary. *Id.* Additionally, Cagle provided her with storage space for her work files. *Id.*, ¶ 9. By March 2016, Cagle was able to acquire an office for Fulton, which turned out to be the largest in the Chickasaw County location. *Id.*, ¶ 7. Cagle ensured that the office was renovated, and even involved Fulton in selecting some furniture for the office. *Id.*

On January 1, 2016, after her transfer to Chickasaw County, but before she received her new office space, Fulton filed a charge of Discrimination with the EEOC. On February 10, 2017, the EEOC issued a right to sue notice, and Fulton timely filed this suit. Fulton alleges in her complaint that Mississippi State did not transfer her for legitimate, work-related reasons. Instead, she alleges that she was transferred as punishment for complaining about racial harassment occurring at the Monroe County location and for associating with Smith, who complained about sexual harassment she was receiving from a supervisor in the Monroe County office. She further alleges that when she arrived at the Chickasaw County office, Cagle told her that he was not expecting any transfer, and that as a result of being forced to store her materials in storage, she was unable to properly perform her job.

Mississippi State has now moved for summary judgment.

## Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action'." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*,

507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Analysis

Title VII prohibits employers from retaliating against employees that oppose unlawful discriminatory practices. 42 U.S.C. § 2000e-3. "Title VII discrimination can be established through either direct or circumstantial evidence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir.2003) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir.2001)). If the employee cannot show direct evidence of discriminatory retaliation, the *McDonell Douglas* burden-shifting framework applies. *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). Under this framework, the employee must first establish a *prima facie* case of retaliation. *Id.* at 607. An employee establishes by a *prima facie* case of retaliation by providing evidence that "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001) (quoting *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996) (internal quotation marks omitted)). The burden then shifts to the employer to articulate a legitimate non-retaliatory reason for the employment action. *Septimus*, 399 F.3d at 607. Finally, the burden shifts back to the employee to show that the employer's reason is just a pretext for retaliation by showing that her protected conduct is the "but-for" cause of the adverse employment action. *Id.* at 607–608 (citations omitted).

Fulton filed her response three weeks after it was due. She did not ask the Court to grant her additional time to respond or ask for permission to file her response out of time. Thus, the Court is under no obligation to consider her response. Even if the Court were to consider it, the response fails to challenge Mississippi State's motion. Although this is a summary judgment motion, Fulton does not point to a single piece of record evidence to establish a material factual dispute; she instead contends that her complaint contains an

4

adequate factual basis to defeat summary judgment. Indeed, a portion of her response appears to be literally copied and pasted from a response she filed in opposition to Mississippi State's prior motion to dismiss for failure to state a claim.

Nonetheless, the Court cannot grant summary judgment by default, "even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Thus, the Court must determine whether Mississippi State has established that no genuine issue of material fact exists as to Fulton's retaliation claim. Since Fulton failed to respond, the Court is left only with the evidence Mississippi State has presented.

Viewing that evidence in the light most favorable to Fulton, the Court finds that Mississippi State has established there is no genuine issue of fact with respect to Fulton's retaliation claim. Fulton does not point to any direct evidence showing discriminatory intent. Therefore, the Court analyzes her claim under the *McDonnell Douglas* framework. Under that framework, Fulton cannot meet her initial burden of establishing a *prima facie* case of retaliation

First, there is no evidence that Fulton engaged in a protected activity. In her complaint Fulton alleges that she engaged in protected activity by complaining of racial harassment that she and Smith received. She also claims that she continued to be friends with Smith even after Smith complained that her supervisor was sexually harassing her. Informal complaints about a discriminatory practice can constitute a protected activity. *See Brandon v. Sage Corp.*, 61 F. Supp. 3d 632, 649 (W.D. Tex. 2014) (collecting cases), *aff'd*, 808 F.3d 266 (5th Cir. 2015). Title VII also prohibits some instances of "third party reprisals"—retaliation against another employee who associates with the complainant. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 174–175, 131 S. Ct. 863, 178 L. Ed. 2d 694 (2011).

However, Mississippi State notes that Fulton provided no evidence through discovery that either she or Smith made complaints of any harassment. Fulton did not point to any such evidence in her response. Nor did Fulton show evidence that she continued to

associate with Smith after Smith made her complaints. Fulton rests entirely on the allegations contained in her complaint, which are insufficient to establish a genuine issue of material fact. The Court, therefore, finds that Fulton cannot show that she engaged in a protected activity.

Second, there is no evidence that Mississippi State enacted an adverse employment action on Fulton. An adverse employment action is any action that would dissuade "a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (internal quotation marks omitted). The supposed adverse action was Fulton's transfer to the Chickasaw County office. There is no evidence that this transfer resulted in any reduction in pay, title, or prestige for Fulton.

Although rare, "a lateral reassignment to a position with equal pay could amount to a materially adverse action in some circumstances." *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 485 (5th Cir. 2008). There is no evidence, however, that this transfer would dissuade a reasonable worker from complaining or associating with a complainant of harassment. While Fulton was temporarily assigned to a desk without an office, it is undisputed that plans were underway to provide her with one as soon as possible. On Mississippi State's 12(b)(6) motion, this Court reasoned that Fulton could possibly establish a *prima facie* case of retaliation if she could show that the transfer adversely affected her job performance. *See* Mem. Op. [28] at 7. Fulton provides no evidence that it has, and Mississippi State provided evidence that, since the transfer, Fulton's salary has increased at the same rate as other Extension Program Assistants in the state. *See* Budget Excerpts [43-2]. Accordingly, the Court finds that Fulton cannot show she suffered an adverse employment action.

Finally, because there is no evidence that Fulton engaged in a protected employment activity or that she suffered an adverse employment action, there can be no evidence that establishes a causal relationship between the two. Therefore, there is no triable issue of fact

on any element of a *prima facie* case of retaliation. Fulton cannot meet her initial burden at trial, and so it is unnecessary to analyze the remaining parts of the *McDonnell Douglas* framework.

**Conclusion**

Mississippi State has established that there is no evidence showing that Fulton engaged in a protected activity under Title VII, that Fulton suffered an adverse employment action, or that there was a causal relationship between the two. There is, therefore, no evidence that Mississippi State retaliated against Fulton. Accordingly, the Court grants Mississippi State's motion for summary judgment.

An order in accordance with this opinion shall issue.

This, the 16th day of May 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

7